UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL EFRAIN SALAS PACHECO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | No. 1:26-cv-02728-DAD-CKD<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, GRANTING PETITIONER'S MOTION TO PROCEED IN FORMA PAUPERIS, DENYING PETITIONER'S MOTION TO APPOINT COUNSEL AS MOOT, AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 2, 3, 4) |

On April 10, 2026, petitioner filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion to proceed *in forma pauperis* (Doc. No. 2),[1] a motion for temporary restraining order (Doc. No. 3), and a motion to appoint counsel (Doc. No. 4). Petitioner states in his verified habeas petition that he entered the

/////

---

[1] Petitioner's application makes the showing required by 28 U.S.C. § 1915(a)(1) and is therefore granted.

1

United States and was granted parole on August 15, 2024.  (Doc. No. 1 at 2.)  Petitioner was re-detained on March 22, 2026, without notice or an opportunity to be heard.  (*Id.* at 2.)

Also on April 10, 2026, the court set a briefing schedule on petitioner's motion for temporary restraining order and directed respondents to substantively address whether any provision of law or fact in this case would distinguish it from the situations addressed in this court's decisions in *Rocha Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025) and *Singh v. Albarran*, No. 1:25-cv-01821-DAD-SCR, 2025 WL 3640678 (E.D. Cal. Dec. 16, 2025).  (Doc. No. 6.)

On April 14, 2026, respondents filed an opposition to petitioner's motion for temporary restraining order.  (Doc. No. 8.)  Therein, respondents concede therein that "there are no significant factual or legal issues in this case that materially distinguish it from the cases identified in the [April 10, 2026] Order."[2]  (*Id.* at 1.)  Respondents also state that they do not oppose converting petitioner's motion for temporary restraining order to a motion for preliminary injunction.  (*Id.*)  Respondents further state that if the court is inclined to grant a preliminary injunction, the court should consider ruling on the merits of the habeas petition in the interest of judicial economy.  (*Id.*)  Respondents do not request a hearing or intend to file further briefing.  (*Id.*)

Because respondents have conceded that this case is not substantively distinct from the situation addressed in the court's prior orders in *Rocha Chavarria* and *Singh*, the court incorporates and adopts the reasoning set forth in those orders here and finds that petitioner's continued detention violates due process.

For the reasons explained above,

1.      Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

/////

---

[2]  Respondents state that petitioner was re-detained after violations of his conditions of release.  (Doc. No. 9 at 2.)  Respondents do not argue that these alleged violations distinguish this case from *Rocha Chavarria* or *Singh*, nor do they argue that these alleged violations provide any basis upon which for the court to deny petitioner's requested relief.  (*See* Doc. No. 9.)

     a.    Respondents are ORDERED to immediately release petitioner Raul Efrain Salas Pacheco, A-File No. 244-670-102, from respondent's custody on the same conditions he was subject to immediately prior to his March 22, 2026 re-detention;

     b.    Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden of demonstrating by clear and convincing evidence that petitioner is a danger to the community or a flight risk;

2. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;

3. Petitioner's motion for a temporary restraining order (Doc. No. 3) is hereby DENIED as having been rendered moot by this order granting him habeas relief;

4. Petitioner's motion to appoint counsel (Doc. No. 4) is hereby DENIED as having been rendered moot by this order granting him habeas relief;

5. The Clerk of the Court is directed to serve the Golden State Annex Detention Facility with a copy of this order; and

3. The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated:   **April 19, 2026**

    *Dale A. Drozd*

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3